PER CURIAM.
In January 2015, Tyrone Clark, Sr., began his present term of office as the Sheriff of Sumter County. On June 30, 2016, the State of Alabama, by and through its Attorney General, pursuant to §§ 36-11-4 and 36-11-5, Ala.Code 1975, filed an information of impeachment and a prayer for ouster, charging that Sheriff Clark, during his present term of office, willfully neglected his duty and engaged in corruption while in office, in violation of § 36-11-1, Ala.Code 1975,[1] and Art. VII, § 173 and § 174, Ala. Const.1901.[2]
*428 The information contained two charges: willful neglect of duty and corruption in office. With regard to Charge one in the information, ■willful neglect of duty by Sheriff Clark during his present term of office, the information included the following nine specifications, namely that Clark::
1. “[W]illfully neglected his duty to secure and supervise inmates in his custody under Ala.Code [1975,] § 14-6-l[,] when he made Rodney Coats, an inmate in the Sumter County Jail, a trustfy]. Coats had an extensive criminal history for drug-related offenses, and he was placed in jail under these criminal charges: Trafficking in Cocaine, Trafficking in Methamphetamine, Possession of a Controlled Substance, Possession of Marijuana First Degree, Receiving Stolen Property Second Degree, Certain Persons Forbidden to Possess a Pistol, Assault First Degree, and Possession of Drug Paraphernalia. His bond for these charges totaled $675,000.00.
“When he made Coats a trustfy], Sheriff Clark gave Coats privileges, including allowing him to move freely about both the Jail and Administration Buildings of the Sumter County Sheriffs Officé and allowing Coats to leave the Jail, sometimes without law enforcement oversight.”
2. “[W]illfully neglected his duty to prevent the introduction of contraband into the Jail and supervise the inmates housed therein under Ala.Code [1975,] §§ 14-6-1 and 13A-10-37 and -38. Specifically, Sheriff Clark aided Rodney Coats in bringing contraband into the Sumter County Jail by ordering the Sumter County Detention Officers not to search Coats when he would return to the Jail after being outside of the Jail and free of law enforcement oversight. This contraband included controlled substances, cell phones, and cigarettes.
“Sheriff Clark also protected Coats from ‘shake downs’ performed by the Sumter County Jail Staff, as well as ‘drug sweeps’ at the Jail by outside law enforcement agencies, by removing him from the Jail or instructing Jail staff to leave Coats alone.
“Furthermore, Sheriff Clark allowed Coats to receive visitors at the Sumter County Sheriffs Office Administrative Building who were not searched or subjected to any security measures before meeting with Coats. These visitors were also allowed to access the Sumter County Sheriffs Office Administrative Building through an entrance that was not monitored by surveillance cameras.”
3.“[W]illfully neglected his duty under Ala.Code [1975,] § 14—6—1[,] to supervise the inmates in the Sumter County Jail and prevent inmates from possessing a deadly weapon under Ala. Code [1975,] § 13A-10-36, by allowing Rodney Coats to have access to firearms, even though Coats had pending charges for Assault First Degree and Certain Persons Forbidden from Possessing a Handgun.”
*429 4. “[W]illfully neglected his duty under Ala.Code [1975,] § 14-6-16[,] to safely preserve the process or order by which prisoners are committed to jail by permitting Rodney Coats, himself an inmate, to process prisoners.”
5. “[W]illfully neglected his duty under Ala.Code [1975,] § 14-6-l[,] to maintain custody of inmate Ronald James. Sheriff Clark gave James, who was serving a 10-year sentence, split to serve 14 months, for the violent offense of Burglary Second Degree, a ‘jail pass.’ This allowed James to leave the custody of the Sumter County Jail for extended periods of time, endangering the safety of the victim involved in the case for which James was incarcerated, as well as endangering the safety of the residents of Sumter County.”
6. “[W]illfully neglected his duty under Ala.Code [1975,] § 14—6—1[,] to maintain custody of inmate James Mar-kell Bell. Sheriff Clark also failed to swear out an arrest warrant, apprehend, or arrest Bell after Bell escaped from the Sumter County Jail in violation of Ala.Code [1975,] § 13A-10-32.”
7. “[W]illfully neglected his duty to supervise jail inmates and secure the Jail under Ala.Code [1975] § 14—6—1[,] by giving inmate Rodney Coats access to an unsecured room in the administration building, where Coats had sexual intercourse with female visitors. The visitors were never searched, and the entrance to the room was not monitored by cameras or otherwise.”
8. “[W]illfully neglected his duty to supervise jail inmates, secure the Jail, and enforce the law under Ala.Code [1975,] §§ 14-6-1 and 36-22-3[,] when he provided an environment in the Administration Building that allowed Rodney Coats to engage in Human Trafficking in the Second Degree, in violation of Ala.Code [1975,] § 13A-6-153(a)(2).”
9.“[W]illfully neglected his duty to properly appoint and supervise deputies under Ala.Code [1975,] § 36-22~3[,] when he appointed Johnny Archibald a deputy sheriff and directed Archibald to patrol on his own, even though Archibald had not been certified as a law enforcement officer by the Alabama Peace Officers Standards and Training Commission, in violation of Ala. Admin. Code [(Peace Officers Training), Rule] 650-X-2-.01.”
With regard to Charge two in the information, corruption in office by Sheriff Clark during his present term of office, the information included the following three specifications, namely that Clark:
1. “[U]sed his official position or office to benefit himself by personally and privately employing inmates of the Sumter County Jail, namely Rodney Coats and Glenn Brown, in violation of Ala. Code [1975,] §§ 14-5-11 and 36-25-5. Among other things, Sheriff Clark directed Coats and Brown to perform work at his personal home.”
2. “[U]sed his official position or office to benefit himself by operating an undocumented work release program, wherein he allowed inmates from the Sumter County Jail to be released for the purpose of working for individuals and/or businesses on the condition that the inmates pay Sheriff Clark a portion of their wages, in violation of Ala.Code [1975,] §§ 36-22-16 and 14-8-37.
3. “[A]ttempted to use his official position or office to coerce a female employee to have sexual intercourse with him.”
On June 30, 2016, this Court ordered Sheriff Clark to appear before it on July 25, 2016, to answer the information filed against him. The clerk of this Court is *430 sued a summons, ordering Terry W. Peeler, the coroner of Sumter County, to serve the summons to appear and the attached order and information on Sheriff Clark. That same day, Peeler served Sheriff Clark with the summons and the attached order and information.
On July 25, 2016, Sheriff Clark appeared before this Court, waived the reading of the information, denied each and every specification charged in the information, and entered a plea of not guilty. The Court then heard ore tenus testimony.
Alabama caselaw is well settled that a proceeding brought pursuant to Art. VII, § 174, Ala. Const.1901, is criminal in nature. Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858 (1969); State ex rel. Mullis v. Mathews, 259 Ala. 125, 66 So.2d 1105 (1953). The State must prove the charges on which the proceeding is based beyond a reasonable doubt. State ex rel. Mullís, supra; State ex rel. Attorney Gen. v. Robinson, 111 Ala. 482, 20 So. 30 (1896); and State v. Buckley, 54 Ala. 599 (1875).
Justice McClellan, concurring specially in State ex rel. Attorney General v. Martin, 180 Ala. 458, 461, 61 So. 491, 492 (1913), defined “willful neglect of duty” as an “intentional failure or omission of an officer to perform a plain and manifest duty which he is able to perform when he omits to do so.” “Corruption in office,” also known as “official misconduct,” has been defined as “[a] public officer’s corrupt violation of assigned duties by malfeasance[3] misfeasance[4] or nonfeasance[5]” Black’s Law Dictionary 1150 (10th ed.2014)(defining “official misconduct” as an entry under the term “misconduct”).
Based on specifications 1, 2, 3, 5, 6, 7, and 8 of Charge one in the information and the evidence adduced in support thereof, the Court finds that Sheriff Tyrone Clark, Sr., is guilty beyond a reasonable doubt of willful neglect of duty during his present term of office. Based on specifications 1, 2, and 3 of Charge two in the information and the evidence adduced in support thereof, the Court finds that Sheriff Tyrone Clark, Sr., is guilty beyond a reasonable doubt of corruption during his present term of office. It is the judgment of this Court that Sheriff Clark be impeached, and Tyrone Clark, Sr., is hereby ousted from the office of Sheriff of Sumter County, Alabama.
PARKER, MURDOCK, and WISE, JJ., concur.
STUART, BOLIN, SHAW, MAIN, and BRYAN, JJ., concur specially.

. Section 36-11-1 provides, in pertinent part:
"(a) The following officers may be impeached and removed from office: ... sheriffs....
“(b) The officers specified in subsection (a) of this section may be impeached and removed from office for the following causes:
“(1) Willful neglect of duty;
"(2) Corruption in office;
"(3) Incompetency;
"(4) Intemperance in the use of intoxicating liquors or narcotics to such an extent in view of the dignity of the office and importance of its duties as unfits the officer for the discharge of such duties; or
"(5) Any offense involving moral turpitude while in office or committed under color thereof or connected therewith.”

. Article VII, § 174, Ala. Const.1901, provides:
“The chancellors, judges of the circuit courts, judges of the probate courts, and judges of other courts from which an appeal may be taken directly to the supreme court, and solicitors and sheriffs, may be removed from office for any of the causes *428 specified in [Art. VII, § 173,] or elsewhere in this Constitution, by the supreme court, under such regulations as may be prescribed by law. The legislature may provide for the impeachment or removal of other officers than those named in this article.”
Article VII, § 173, Ala. Const.1901, provides that officials “may be removed from office for willful neglect of duty, corruption in office, incompetency, or intemperance in the use of intoxicating liquors or narcotics to such an extent, in view of the dignity of the office and importance of the duties, as unfits the officer for the discharge of such duties, or for any offense involving moral turpitude while in office, or committed under color thereof, or connected therewith....” See also § 36-11-1, Ala.Code 1975.

. Malfeasance is defined as ''[a] wrongful, unlawful, or dishonest act; esp., wrongdoing or misconduct by a public official.” Black’s Law Dictionary 1100 (10th ed.2014).

. Misfeasance is defined as "[a] lawful act performed in a wrongful manner.” Black's Law Dictionary 1151 (10th ed.2014).

.Nonfeasance is defined as "[t]he failure to act when a duty to act exists.” Black’s Law Dictionary 1216 (10th ed.2014).